UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23539-CIV-HOEVELER

KURT ESTRILL,

      Plaintiff,

v.

MIAMI-DADE COUNTY,

      Defendant.

_____/

## ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court on Defendant's Motion for Summary Judgment. As to Plaintiff's claim of racial discrimination in Defendant's refusal to rehire him, Plaintiff has failed to allege facts sufficient to create a genuine dispute of material fact, thus Defendant is entitled to summary judgment on this claim. With regard to all other claims, issues of material fact are in dispute and, as such, summary judgment is not warranted.

### BACKROUND

The following facts are summarized from the parties' joint pretrial stipulation. Plaintiff is a 45-year old Black male from the Virgin Islands who worked at the Compensation Section of Miami Dade County's Human Resources Department as a Compensation Specialist from 1999 to 2008. Plaintiff's duties included analyzing County positions to determine if they were properly classified for pay purposes, and setting forth his conclusions in written audit reports.

Mary Lou Rizzo was in charge of the Compensation Section at the time, and Janice Srygler and Linda Weber were Plaintiff's direct supervisors. During his tenure at the Compensation Section, Plaintiff received performance evaluations concerning the alleged poor quality of his reports. The parties dispute the extent of

the deficiencies in Plaintiff's reports and their bearing on Plaintiff's work responsibilities.

Plaintiff alleges that during his tenure in the Compensation Section, he was subjected to varying degrees of discrimination by several of his supervisors, including disparaging comments about his race/color and national origin by his supervisors. Plaintiff claims these remarks were extremely offensive and injurious. For example, Plaintiff specifically alleges that Ms. Srygler said that "black men could not write to save their lives," and that "black men can't write and are only good for one thing- sex." *Pltf. Dep.* at 102. Additionally, Ms. Rizzo reportedly stated that the Compensation Section needs "new blood", *Id.* at 81, and subsequent to that statement new hires in the Section were mostly people under 40 years of age, according to Plaintiff. *Dkt # 27*, at 17-18.

In August 2005, Plaintiff filed an EEOC charge on the basis of race, alleging that his annual performance evaluation was late. The EEOC investigated and concluded that there was insufficient evidence to show that the County breached any statute. *Dkt # 21-3*, at 34. The EEOC issued a right to sue letter in November 2005, but Plaintiff did not file suit at that time.

In March 2007, Plaintiff became concerned that another performance evaluation had not been completed. On November 2007 Plaintiff was called into a meeting with Ms. Weber and Ms. Srygler, and presented with his 2007 performance evaluation. He was informed that he was being rated as "needs improvement" in two areas. Plaintiff claims that during this meeting, Ms. Weber and Ms. Srygler informed him that he would be removed from the Compensation Section. *Pltf. Dep.* at 133.  Plaintiff contested the accuracy of this evaluation, and sought out a subsequent series of meetings with the Interim Director of the Compensation Section, Howard Piper, as well as with Ms. Rizzo, to discuss the evaluation and the alleged racial animus directed toward Plaintiff. As a result of these meetings, Plaintiff was informed that he had three months to find a new position outside of the Compensation Section - although the parties dispute the timing and reasoning behind this decision.

On June 13, 2008, Plaintiff filed an EEOC charge alleging that the Compensation Section subjected him to an unlawfully hostile work environment and demoted him based on his race, national origin, age, and in retaliation for complaining about the disparate treatment he experienced. Since filing his EEOC charge in 2008, Plaintiff claims that he has sought out employment opportunities in some 36 County positions. Plaintiff claims that he expressed interest in three positions,[1] and was rejected each time. Plaintiff claims that he was told that he was rejected because his former supervisor had called and had nothing good to say about him, *Pltf. Dep.* at 189-90, and because one of the decision makers for the hiring was aware of Plaintiff's 2008 EEOC complaint and did not want any trouble with Plaintiff's former supervisors. *Pltf. Dep.* at 192.[2] Plaintiff then supplemented his 2008 EEOC charge in January and February of 2009, to include claims of retaliation resulting in Defendant's refusal to rehire him. In June 2008, Plaintiff accepted a seasonal position with the County which expired in February of 2009.

On November 20th, 2009, Plaintiff filed the instant suit, alleging that Defendant engaged in racial and national origin discrimination in violation of Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII") by demoting Plaintiff from his H.R. position ("Count I, Claim 1"), refusing to rehire him in his subsequent job applications ("Count I, Claim 2"), by creating a hostile work environment as a result of racially charged remarks ("Count II"), and by demoting Plaintiff from his H.R. position ("Count III, Claim 1") and refusing to rehire him in his subsequent job applications ("Count III, Claim 2") in retaliation for reporting racial harassment to his superiors and filing his 2008 EEOC charge. Plaintiff also alleges that Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 623(a) ("A.D.E.A.") by removing him from his position at the Compensation

---

[1] Plaintiff applied to: a Benefits Specialist position in the Government Services Administration; a Personnel Technician position in the Community Action Agency; and a Personnel Specialist position in the County's Solid Waste Department.
[2] Defendant argues that Plaintiff relies upon inadmissible hearsay evidence to carry his burden of creating a genuine dispute of material fact as to his "failure to rehire" claim. However, these challenged statements appear to be admissible as exceptions to the hearsay rule.

Section as a result of age discrimination. Defendant has moved for summary judgment, arguing that all four Counts should be dismissed.

## ANALYSIS

Rule 56(a) of the Federal Rules of Civil Procedure provides the standard for ruling on motions for summary judgment. Rule 56(a) states in relevant part that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A "genuine" dispute of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Moore v. Reese*, 637 F.3d 1220, 1232 (11th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted).

The Court finds that genuine disputes as to material facts exist as to all but one of Plaintiff's claims.  The sole claim as to which Defendant is entitled to summary judgment is Claim 2 of Count I - for race discrimination resulting in the failure to rehire.

Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to establish a prima facie case of racial discrimination, Plaintiff must demonstrate that:

(1) he belongs to a racial minority;
(2) he applied and was qualified for a job for which the employer was seeking applicants;
(3) despite his qualifications, he was rejected; and
(4) after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*Id.* at 802.  If Plaintiff establishes these elements, a rebuttable presumption of liability is formed, and the burden of production then shifts to Defendant to proffer a legitimate, non-discriminatory reason for taking the employment action. If Defendant proffers such a reason, then the burden of proof shifts back to Plaintiff to show that the purported reason is mere pretext for unlawful discrimination.

Defendant argues that Plaintiff has not met his burden of proof. Specifically, Defendant argues that Plaintiff has failed to offer sufficient evidence to create a genuine dispute as to whether or not Defendant's decision to hire other applicants was merely a pretext for racial discrimination. As Defendant correctly claims, Plaintiff has adduced no evidence to show that Defendant's refusal to rehire him was motivated by racial discrimination. Indeed, all of the evidence that Plaintiff has adduced as to Defendant's refusal to rehire pertains solely to Plaintiff's claim of retaliation (Claim 2 of Count III). Defendant has submitted affidavits - uncontroverted by credible evidence from Plaintiff - from all the decision makers involved in the hiring process that affirm that no racially discriminatory motive influenced their hiring decisions. Defendant has further adduced evidence that two of the three positions were filled by applicants who were also African American, and the decision makers for all three positions were African Americans.. Because Plaintiff has failed to show that there is a genuine dispute of fact as to this claim, Defendant is entitled to judgment as a matter of law as to Claim 2 of Count 1.

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment is GRANTED, IN PART, and DENIED, IN PART, consistent with the above discussion.

DONE AND ORDERED in Chambers in Miami this 27th day of July 2011.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
>    Mayra Gonzalez
>    Lee Kraftchick